

FILED BY _____ D.C.

FEB 0 5 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

C ASE NUMBER: _____

| | |
|---|---|
| JOHN W, WOOD, JR., Pro Se<br>1850 Homewood Blvd., #516<br>Delray Beach, Florida 33445 | **Criminal Civil Rights Complaint**<br>**Title 42 U.S.C. §1983:42:1983**ed<br>**Title 18 U.S.C. §241 18:241**<br>**Title 18 U.S.C. §242 48:198** |
| Plaintiff, | **Title 18 U.S.C. S245 29:1104**<br>**Title 18 U.S.C. S371  31:3731** |
| vs. | **Title 18 U.S.C. §1503:28:1331**<br>**Jury Demand** |

FLORIDA ATLANTIC UNIVERSITY
THE BOARD OF TRUSTEES
777 Glades Road
Boca Raton, Florida 33431

John Kelly, Successor, President  as an individual
Lawrence Glick, Associate General Counsel as an individual
Stacy Semmel, VP Financial Affairs as an individual

Defendants
.

WILLIAMS, LEININGER,& COSBY, P.A.
11300 US Highway One Suite 300
North Palm Beach, Florida 33408

James O. Williams, Attorney as an individual
Carri S Leininger, Attorney as an individual

Defendants

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT COURT OF FLORIDA
701 Clematis St # 453,
West Palm Beach, FL 33401

Linnea R. Johnson as an individual  1st case
Beth Bloom as an individual

Defendants

THE UNITED STATE \CIRCUIT COURT OF APPEALS 11TH CIRCUIT
56  Forsyth Street , NW,
Atlanta, Georgia 30305

Adalberto Jordon as an individual
Robin S. Rosenbaum as an individual
Peter T. Fay as an individual
Stanley Marcus  1st Case as an individual

Defendants

CIRCUIT COURT OF THE 15TH  JUDICIAL DISTRICT
205 N Dixie Hwy
West Palm Beach, FL 33401

Catherine Brunson as an individual

Defendant

DISTRICT COURT OF APPEALS FOURTH DISTRICT
110 South Tamarind Ave.
West Palm Beach, FL 33401

W. Mathew Stevenson as an individual
Cory Ciklin as an individual
Mark W. Klingensmith

Defendant

UNITED STATES DEPARTMENT OF JUSTICE
950 Pennsylvania Ave NW
Washington DC 29530-0001

Honorable Jeff Sessions Attorney General

29

Defendant

_____/

Plaintiff, John W. Wood, Jr. ("Wood") sues Defendants, Florida Atlantic University Board of Trustees ("FAU") et. al. in a Criminal Complaint for Deprivation of his Constitutional Fourteenth Amendment Due Process and Equal Protection of all Laws under "Color of Law" and Deprivation of his Federal Statute USERRA Anti-discrimination and Anti-retaliation Rights under Civil Rights **Title 42 U.S.C. Section 1983.**

## LEGAL NOTICE AND WARNING

**"Federal law provided that it is a crime to violate the Rights of a citizen under the color-of-law.  You can be arrested for this crime and you can also be held personally liable for civil damages."**

1.      **"42 USC § 1983** provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the **deprivation of any rights**, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." **(Criminal Acts *18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 245; 18 U.S.C. § 371; and 18 U.S.C. § 1503).***

2.      The United States Federal Anti-discrimination and Anti-retaliation laws ("The Law" and "USERRA") provide for a "Protected class" of individuals which

**cannot be targeted** for discrimination or retaliation and mandates, as a matter of law, that this publication be posted on all government employment centers. Wikipedia lists 12 such categories as the "Protected class" persons ( https://en.wikipedia.org/wiki/Protected_class ) of which the Plaintiff is listed under number 11, "Veteran Status." which includes: "The Law" (Vietnam Era Veterans' Readjustment Assistance Act of 1974 (VEVRAA) and **The Uniformed Services Employment and Reemployment Rights Act (USERRA).**

## JURISDICTION AND VENUE

3.     This action arises under the United States Constitution, particularly the Fifth, Seventh, and Fourteenth Amendments and under Federal Statutes 42 U.S.C. § 1983, and Federal Statutes 38 U.S.C §§4301-4333 and  38 U.S.C. §4212.

4.     Federal Courts are authorized to hear cases brought under section § 1983 pursuant to two statutory provisions: 28 U.S.C.A. 1343(3) (1948) and 28 U.S.C.A. § 1331(1993).

5.     **§4323 (c)(1)(A)** The district courts of the United States **shall have jurisdiction,** upon the filing of a complaint, motion, petition, or other appropriate pleading by or on behalf of the person claiming a right or benefit under this chapter:

    a.  To require the employer to comply with the provisions of this chapter;

    b.  To require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter; and

c. to require the employer to pay the person an amount equal to the amount referred to in clause (ii) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of this chapter was willful.

6.      Federal Courts are authorized to hear cases brought under *18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 245, 18 U.S.C. § 371; and 18 U.S.C. § 1503).*

7.      **The Fourteenth Amendment guarantees against State denials.** Congress authorizes persons being denied their civil rights in State courts to remove their cases to Federal Courts *Section 3 of the Civil Right Act of 1866, 14 Stat. 27, 28 U.S.C. § 1443 Virginia v Rives, 100 U.S. 313, 318 (1880)* and to provide criminal liability under 18 U.S.C. §§ 241, 242. *Screws v. United States 325 U.S. 91 (1945);* and civil liability under *Monroe v. Pape, 365 U/S. 167 (1961)* <u>**for State Officials who vacate protected rights.**</u>

8.      The adequacy of a State law ground to support a judgment precluding litigation of the federal claim is a federal question which this Court reviews de novo *James v Kentucky, 486 U.S. 341-349 Pp. 361-366. (See Howlett v. Rose 496 U.S. 356 (1990).*

9.      Venue is proper in this Southern District because the Plaintiff, Defendants, and judges/attorneys parties are/were members of the judicial system having jurisdiction over this case.

## PARTIES

10.     Plaintiff, John W. Wood, Jr. ("Wood") resides at 1850 Homewood Blvd Unit #516, Delray Beach, Florida 33445 within the jurisdiction of this Court.  At all times between Plaintiff's Veterans" Preference Application with Defendant FAU on 4/14/2004, the Plaintiff has been claiming his Constitutional and Federal Statute USERRA anti-discrimination and anti-retaliation "Benefits of Employment" as a matter of law as published by the Defendant FAU on his HR wall.  Plaintiff was then and is now a "Protected Person" with specific Federal rights **that cannot be limited or eliminated or ignored as mandated by Congress (§4302 (b).**

11.     Defendants, FAU, and individuals Kelly, Glick, and Semmel are individual administrators charged with discrimination and retaliation against the Plaintiff on the main campus at 777 Glades Road, Boca Raton, Florida 33431.

12.     Subsequent Defendants are attorneys for the Defendants and  judicial defendants who conspired to deprive the Plaintiff of his Constitutional Rights and Federally mandated Civil Rights. under USERRA.

      a.  FLORIDA ATLANTIC UNIVERSITY
         THE BOARD OF TRUSTEES
         777 Glades Road
         Boca Raton, Florida 33431

         John Kelly, Successor, President as an individual
         Lawrence Glick, Associate General Counsel as an individual
         Stacy semmel, VP Financial Affairs as an individual

      b.  WILLIAMS, LEININGER,& COSBY, P.A.

.11300 US Highway One Suite 300
.North Palm Beach, Florida 33408

. James O. Williams, Attorney as an individual
  Carri S. Leininger, Attorney as an individual

b. UNITED STATES DISTRICT COURT SOUTHERN DISTRICT
   COURT OF FLORIDA701 Clematis St # 453, West Palm Beach, FL
   33401

   Linnea R. Johnson  1st case
   Beth Bloom

c. THE UNITED STATE \CIRCUIT COURT OF APPEALS 11TH
   CIRCUIT
   56  Forsyth Street , NW,
   Atlanta, Georgia 30305

   Adalberto Jordon as an individual
   Robin S. Rosenbaum as an individual
   Peter T. Fay as an individual
   Stanley Marcus  1st Case as an individual

d. CIRCUIT COURT OF THE 15TH JUDICIAL DISTRICT
   205 N Dixie Hwy
   West Palm Beach, FL 33401

   Catherine Brunson, as an individual

e. DISTRICT COURT OF APPEALS FOURTH DISTRICT
   110 South Tamarind Ave.
   West Palm Beach, FL 33401

   W. Mathew Stevenson as an individual
   Cory Ciklin as an individual
   Mark W. Klingensmith

f. UNITED STATES DEPARTMENT OF JUSTICE
   950 Pennsylvania Ave NW
   Washington DC 29530-00001-

Honorable Jeff Sessions Attorney General

## **CONDITIONS PRECEDENT**

13.    Conditions Precedent covers a **13-year period** wherein the defendants have deprived the Plaintiff "Under Color of Law" of his Constitutional Due Process and Equal Protection of his Anti-discrimination and Anti-retaliation Federal Law (USERRA).   On 4/18/05 Plaintiff filed his first "Protected Person" application with the HR Manager of Employment.  During the interview, the Employment Manager acknowledge that the Government Mandated "YOUR RIGHTS UNDER USERRA" were not institutionalized as  required by Federal Law.

14    The  original  Defendant,  Florida  Atlantic  University  ("FAU") intentionally   chose  to  ignore  the  Government  Mandated  Federal  Law  and  the Plaintiff continued to fight for his Constitutional Civil Rights to "Due Process" and Equal Protection of All Laws.as summarized below:

## **13 YRS OF DEPRIVATION OF DUE PROCESS & EQUAL PROTECTION**

| DOL(VETS) | FL-2008-00053-20-V | 4/14/05 | 8/25/08 | No Invest |
| --- | --- | --- | --- | --- |
| FDVA | 1 YEAR | 4/14/05 | 5/19/06 | 14  Violate |
| EEOC | 1Yr.510-2007-D1633 | 1/13/07 | 3/20/08 | Right Sue |
| DISTRICT FLA-1 | 9:08-CV-80656-LRJ | 6/17/08 | 6/09/10 | Dismissed |
| 11TH  DCA (1) | 10-12958-CC | 9/16/10 | 6/23/11 | Summary |
| 15TH CIR | CA010822MB | 7/19/11 | 8/26/13 | Dismissed |
| 4TH DCA | 4D-10-13-3522 | 4/09/13 | 3/31/15 | Dismissed |
| FLA SC | SC-15-1052 | No Trial – No Juris | | N/A |
| USA SC | NO: 6060 | 8/07/15 | 2/29/16 | Denied |
| DISTRICT FLA-2 | 16-cv-81521-BB | 8/30/16 | 2/06/17 | Dismissed |
| 11TH DCA (2) | 17-11055-DD | 4/24/17 | 12/18/17 | Affirmed |

## GENERAL ALLEGATIONS

15,    Plaintiff is exercising his civil rights to bring his 42 USC § 1983 back to Federal Court where the Supreme Court ruled that private litigants are to be permitted a federal court remedy **as a first resort. Monroe v. Pape, 365 U.S. 167 (1961).**

16.    Plaintiff alleges that **ALL 18 DEFENDANTS** have   perpetrated a "Fraud on the Court"  by failing to read and comprehend the Federal  Statute USERRA Public Law (PL-103-353-) that is the Federal Statute for Veterans' Preference Civil Rights cases.

> NO EMPLOYER CAN REFUSE **TO PROVIDE ANY RIGHT OR BENEFIT GUARANTEED BY USERRA & 20 CFR 1002 (USERRA).**
>
> **§4302(b) USERRA SUPERSEDES ANY STATE LAW OR PRACTICE MAKING ALL STATE DEFENSES NULL AND VOID IN FEDERAL COURT.**

**USERRA "PROTECTED PERSON" FEDERAL STATUTE**
**Title: 38 United States Code – Department of Labor**
(https://www.dol.gov/vets/usc/vp/usc38.htm#4323)

**§4302 (b) "This chapter supersede any State law including any local law or ordinance, contract, agreement, policy, plan, practice, or other matter that reduces, limits, of eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise or any such right or the receipt of any such benefit."**

§4302 (b)) "This chapter supersede any State law including any local law or ordinance, contract, agreement, policy, plan, practice,"

## TRANSLATES TO

a. *There are no STATE laws of any description that can defeat any USERRA "Benefit of Employment.*

b. *All the STATE laws of any description  used by the defendants are null and void because they are superseded by Federal Statute, USERRA.*

c. *The Supremacy clause ot the Constitution states that you cannot use a State Law to defend against a Federal Law.*

§4302 (b) This chapter supersedes any " other matter that reduces, limits, of eliminates in any manner any right or benefit provided by this chapter,"

## TRANSLATES TO

a. *The Defendants are required, as a matter of law, not to make any attempt in reducing, limiting or attempting to eliminate any specified "Benefit of Employment in this chapter—All Defendants Must Address the USERRA Federal Statute. - Defendants cannot ignore the law.*

b. *Since none of the Defendants ever answered the complaint issues addressed  in Court, or admitted that they even know what the Plaintiff's "Benefits of Employment" were, ALL DEFENDANTS actually unlawfully ELIMINATED the Plaintiff's Federal Benefits issues – contrary to the rule of law.*

c. *By not recognizing the USERRA Federal Anti-discrimination and anti-retaliation statute,  ALL DEFENDANTS deprived the Plaintiff of DUE PROCESS and EQUAL PROTECTION  of that process law of the 14th Amendment.*

d. *Failure to address USERRA Federal Statute constitutes a violation of federal law by all defendants, a deprivation of the Plaintiff's civil rights and a conscious act of obstruction of justice*

§4302 (b) This chapter provides for the "establishment of additional prerequisites to the exercise or any such right or the receipt of any such benefit."

## TRANSLATES TO

a. *While the chapter precludes limiting Federal USERRA "Benefits of Employment," it establishes the availability of any State Benefits provided in addition to USERRA.*

b. *Example: Title X Chapter 110 State Employees 110.2135 provides this Plaintiff an Appointment for a probationary period of 1 Year.*

17.     Plaintiff alleges that USERRA Federal Statute provides some significant "Benefits of Employment" that are not typically specified elsewhere:

a. **4301(a)(3) prohibits discrimination and retaliation against veterans;**

b. **4302(b) chapter supersedes any state law, ordinance, contract, agreement, policy, plan, practice that reduces, limits, eliminates, any <u>substantive or procedural right</u> or benefit of this chapter;**

c. **4311(a) <u>veteran shall not be denied "initial employment;" retention in employment" or any "benefit of employment;"</u>**

d. **4311(b) <u>employer may not discriminate or take adverse employment action against veteran because he has taken action to enforce rights under this chapter;</u>**

e. **4311(c) violation of any veterans' preference is considered a "prohibited personnel practice;"**

f. **4322(a)(2) employer has failed or refuses to comply with the provisions of this chapter;**

g. **4322(e)(1) this veteran is entitled to proceed with his enforcement rights against the State;**

h. **4323(a) after unsuccessful resolution by DOL relating to the State, an employee may request referral to the Attorney General;**

i. **4323(b) Amendments apply to any failure to comply with a provision of a Chapter 43 of title 38 USC that occurs before, on , or after, the date of the enactment of this act;**

j. **4323(a)(d) A State or private employer who violates the provision of this chapter shall be liable to any person affected (A) any wages, salary, benefits, or other compensation denied or lost by such person by reason of the violation; and (B) interest on the amount calculated at the prevailing interest rates over the period of time for which the damages are due;**

k. **4323(b) Punitive damages if employer's damages was done with malice or reckless indifference;**

l. **4323(c) Right to Jury Trial for person commencing this action under this section  shall be entitled to a trial by jury;**

m. **4323(e)(2)(A) an employer's denial of reemployment or retention in employment shall <u>constitute irreparable harm</u> to a person who is denied reemployment or retention in employment;**

n. **4323(2) Waiver of Sovereign Immunity -- <u>In the case of an action against a State (as an employer) by a person, the action may be brought in the appropriate district court of the United States or State Court of competent jurisdiction;</u>**

o. **4331(b)(2) consistency between USERRA State employers and Federal agencies with the content of veterans preference definitions.**

17.    Plaintiff is exercising his Civil Rights to bring his **42 USC § 1983** case back to Federal Court where the Supreme Court ruled that private litigants are to be permitted a federal court remedy <u>as a first resort</u> *Monroe v. Pape, 365 U.S. 167 (1961).*

18.    Our Government **mandates** Special Veterans' Preference Civil Rights "Benefits of Employment:" be posted prominently **in all State HR Employment**

Offices (See **YOUR RIGHTS UNDER USERRA Pg. 13. Mandatory Judicial Notice)** and be institutionalized in all employment actions claiming veterans preference applications..

19.     USERRA is a Federal Statute (Pl-103-353) with extremely specific Congressional mandates whereby the **USERRA law Supersedes all State Law and cannot be reduced, limited, or eliminated in any legal actions. When USERRA is the Plaintiff's Civil Rights claim, all Defendants must  address USERRA claim and all Courts must also adjudicate the USSERA stated claims in the Complaint.**

   a. Plaintiff's Right to be FREE from Discrimination and Retaliation;
   b. Employer MAY NOT DENY (initial employment, retention in employment or any benefit of employment);
   c. May not retaliate against anyone enforcing rights; and
   d. May Refer Court Action to DOJ for representation.
   e. Failure to comply with USERRA has been provided Criminal Statutes for those cases where Defendants use the "color of law" to deprive veterans of his USERRA Claim.

20.     Plaintiff alleges that his first Veterans Preference Interview on 4/14/05 with the Florida Atlantic University ("FAU") Employment Manager determined that FAU had intentionally failed to institutionalize the USERRA Civil Rights Mandate into the FAU Employment Process.   Having intentionally chosen to ignore Federal Mandated Civil Rights Law, FAU positioned itself for a Federal Criminal Charges under *42 U.S. § 1983, 18 U.S.C. § 241, 18  U.S.C. § 242, U.S.C. § 245, 18   U.S.C.  §371,   and 18   U.S.C. § 1503 documenting the charge of*

40

*obstruction of justice under color of law.*

21.    Plaintiff alleges that Florida Department of Veterans Affairs ("FDVA") investigated how the USERRA Civil Rights mandate that the "Employer could not deny Plaintiff initial employment," over a year period with 38 applications applying for an entry position of $15 an hour by a retired Army major with 3 MS Degrees and a PhD level of education (in Education) could not get employed by FAU.   FDVA formally served FAU with 14 investigations of evidence that FAU deprived the Plaintiff of his Civil Rights under USERRA by failing to hire the most qualified applicant.

22.    Under threat of litigation, FAU hired this Plaintiff under duress.  Instead of hiring the Plaintiff in a permanent advertised position REQUIRED BY LAW, FAU continued its discrimination by giving the Plaintiff a TEMPORARY month to month position in lieu of the Florida Title X Chapter 110 State Employees 110.2135 provides this **Plaintiff an Appointment for a probationary period of 1 Year.**

23.    One day the police showed up at my desk to terminate me and show me off post without even a pre or post termination conference required by law.  Plaintiff started his litigation with an EEOC Complaint on or about 1/13/07 leading to the 8 subsequent judicial actions.

24.    Defendants herein, "while acting under color of law, and consistent with the unlawful actions of the original FAU Defendant here in Palm Beach County,

between 4/145/05 and the present date, did KNOWINGLY and WILLFULLY,

WITH RECKLESS AND CALLUS INDIFFERENCE, DEPRIVED this Plaintiff of

his Constitutional (14th Amendment) and Federal (USERRA) Civil Rights – that is

the free exercise and enjoyment of Liberty, Property, Substantive Die Process and

Equal Protection of All Laws over a 12.75 year period.

## COMPLAINT COUNTS
Complaint Counts have been arranged in accordance with the list of judicial rulings then subdivided by the party guilty of an act of deprivation.   Each and every part of this numbered and sub-numbered Complaint are hereby incorporated and reemphasized in like manner herein..

## COUNT ONE
### TITLE 42 U.S.C. §1983
### TITLE 18  U.S.C. §241
### TITLE 18 U.S.C. §242
### TITLE 18 U.S.C. §245
### TITLE 18 U.S.C. §371
### TITLE 18 U.S.C. §1503
### FLORIDA ATLANTIC UNIVERSITY THE BOARD OF TRUSTEES
John Kelly, Successor, President  as an individual
Lawrence Glick, Associate General Counsel as an individual
Stacy Semmel, VP Financial Affairs as an individual

Defendants herein, while acting under color of law, did knowingly and willfully with reckless and callous indifference, deprive this Plaintiff of his guaranteed Constitutional Rights to Due Process and Equal protection of all laws –**All a violation of Title 42 U.S.C. Section 1983**

Defendants herein,, while acting under color of law, did knowingly and willfully fail to do their sworn duty to read and comprehend the controlling Federal Civil Rights Standard totally governing FEDERAL DUE PROCESS thereby unlawfully depriving Plaintiff of his right to have a

trial by jury. — **All violations of TITLE 18 U.S.C. §1503 and 18 U.S.C. § 245.**

**§4302(b) USERRA SUPERSEDES ANY STATE LAW OR PRACTICE MAKING ALL STATE DEFENSES NULL AND VOID IN FEDERAL COURT.**

**§4302 (b)_NO EMPLOYER NOR ANY COURT CAN REFUSE TO PROVIDE ANY RIGHT OR BENEFIT MANDATED BY THE FEDERAL CIVIL RIGHTS USERRA STATUTE**

25    On 4/14/05 This Plaintiff submitted his first Application for Employment in an interview with the FAU Employment Manager. This Plaintiff understood that the 'Federal Mandated "YOUR RIGHTS UNDER USERRA" was not institutionalized into the current of the FAU Employment System.

26.    For almost a year, **FAU deprived** the most qualified applicant *(PhD candidate with 3 MS degrees and 28 years consultant to 113 Fortune 500 Companies)* of an entry level $15/hour job when the Federal Civil Rights USERRA posted on the FAU HR wall stated that **FAU "COULD NOT DENY"** This Applicant **"INITIAL EMPLOYMENT." (SEE USERRA Civil Rights Poster on FAU Employment Wall Page 13) (42 U.S.C. §1983).**

27    What this Plaintiff has demonstrated between 4/14/05 and 4/6/06 was that FAU had KNOWINGLY AND WILLFULLY **deprived this most qualified "Protected Person"** veteran of his 14th **Amendment Right to DUE PROCESS**

and **EQUAL PROTECTION OF ALL LAWS MANDATED BY THE FEDERAL GOVERNMENT. (42 U.S.C. §1983}**

28,    Defendant Florida Atlantic University Board of Trustees ("FAU"), **Past President Brogan, Attorney Glick, Semmel** and the Corrupt FAU HR Employment Process that violated the Plaintiff's Federal Mandated USERRA Federal Statute and SPECIFICALLY deprived this Plaintiff of his Fifth and Fourteenth Amendment Rights to "Life," "Liberty," "Property," defined under Federal Statute USERRA **42 U.S.C. §1983**:

a.    Plaintiff submitted 38 "Protected Person" applications, each of which was "deprived" of the USERRA **"liberty"** right to be "free from **discrimination and retaliation** in the FAU HR employment process **§ 4301(a)(3).**

b.    Plaintiff submitted 38 "Protected Person" applications, each of which was "deprived" of the USERRA **"property"** right to **"initial"** employment in FAU employment process **§ 4311(a).**

c.    Plaintiff submitted 38 "Protected Person" applications, each of which was "deprived" of the USERRA **"Benefit of Employment"** in a securing a **Title X Chapter 110 Section 110.2135 disabled veteran year probationary period § 4311(a).**

d.    Plaintiff submitted 38 "Protected Person" applications, each of which was "deprived" of the USERRA **"property" right to lost wages, salary, benefits and interest** calculated from application number #1 (4/24/05) under **"cannot be denied initial employment" § 4323(a)(d).**

e.    Plaintiff was "deprived" of Constitutional **"property"** right to **compensatory damages and punitive damages** with interest for the reckless indifference exhibited by the Defendant in denying the Plaintiff his **Seventh Amendment Right to a Trial by Jury and § 4323(c).**

f.     Plaintiff was and has been "deprived" of his **"liberty"** right to be free from any and all Defendant claims that the Plaintiff was not a "Protected Person" and that **state law, rules, regulations, etc. can challenge Constitutional and Federal Statutes § 4302(b).**

g.     Plaintiff was and has been "deprived" of his **"liberty"** right to be **free from adverse employment actions** after taking action to claim the federal enforcement of his Constitutional and Federal Statute rights **§ 4311(b).**

h.     Plaintiff was and has been "deprived" of his **"Liberty"** rights to force the Defendant to even acknowledge that he has deprived this Plaintiff of his **USERRA "Benefits of Employment" rights in multiple litigations § 4322(a)(2).**

i.     Plaintiff was and has been "deprived" of his **"Liberty"** rights to be heard in his defense of an unlawful termination without either a **pre-termination or a post-termination hearing** legally required of a "Protected Person" who is not an employee "at-will."

j.     Plaintiff was "deprived" of his **"liberty"** right to file his EEOC Complaint investigation in **District Court** as directed by the EEOC."

k.     Plaintiff was "deprived" of his **"property"** right for **"retention in employment"** and his **"liberty"** right for the Defendant to the answer his 14 falsified claims of unprofessional conduct letter. **§ 4323(c)(2)(A).**

l.     Plaintiff was "deprived" of this **"property"** right to subsequent Florida employment after his unlawful termination based on the Defendant's **falsified claim of 14 misconducts** was part of the Plaintiffs interviews with potential employers.

m.     Plaintiff was "deprived" of his **"liberty"** right to a **trial by jury (4323(c))** as demanded when the Defendant unlawfully filed a Motion To Dismiss and the **Judge unlawfully granted the dismissal** as the jury waited to be empaneled without having a hearing where the Plaintiff had his legal right to respond and argue his case to defend against the motion.

n.   Plaintiff was "deprived" of his **"property"** right to **continued employment** for the entire one year probationary period when he was unlawfully terminated at five months **§ 4322(e)(2)(A).**

o.   Plaintiff was unlawfully "deprived" of his **"property"** right to claim **"Protected Person"** when the Defendant falsified the record that the Plaintiff could not claim that he was a "Protected Person" under Federal Law.

29.   During the same time period, the **past President** (Frank Brogan)  had signed the Anti-discrimination and Anti-retaliation FAU Policy Statement granting this Plaintiff's "Protected Person Status" and requiring the Civil Rights USERRA be institutionalized.  The new President (John Kelly) must have implemented USERRA to be eliminated from Criminal  Conspiracy and Obstruction of Justice Complaint (**18 U.S.C. §241, 18  U.S.C. §245, 18 U.S.C. §1503).**

30.   During the same one year time period, **Stacy  Semmel** brought the Plaintiff into FAU for one of his only 10 interviews. for the Controller's Office. Instead of hiring the most qualified Veteran, **Semmel**  deprived this Veteran of a position and hired a student who did not have the qualifications for the position rather than complying with the Federal USERRA law.  In this one action **Semmel** violated Federal Statute USERRA by "Employer may not deny "initial employment," retention in employment," or any "Benefit of Employment" ( **§4211(a) (18  U.S.C. §245).**

31.     After being unlawfully deprived of <u>38 entry level applications,</u> contrary to the USERRA Civil Rights Law posted on the FAU HR Office wall, this Plaintiff requested the State Department of Veterans' Affairs (FDVA) to investigate his USERRA Federal Veterans Preference that he must be hired initially when he is the most qualified applicant.   The FDVA filed 14 State Formal Violations against FAU and required FAU to hire the Veteran immediately or face State litigation **18 U.S.C. §1503, 18 U.S.C. §245.**

32.     The formal investigation and documentation of 14 FDVA violations of USERRA "failure to hire **§4211(a)"** is direct evidence that FAU **conspired to deprive** against the Plaintiff of any employment between 4/14/05 to 10/31/06  to **deprive** his USERRA Civil Rights (**18 U.S.C. §242).**

33..    **Semmel** conspired to deprive the Plaintiff of his USERRA Civil Rights (**18 U.S.C. §242)** when  complying with the FDVA demand to hire the Plaintiff in "an Authorized Published, Full Time Position," Semmel intentionally hired the Plaintiff in an unlawful temporary part time "duplicate position" from which she could terminate Plaintiff after a couple of months – which she, if fact, did do.

34.   **Semmel,**, the Comptroller, deprived the Plaintiff of a permanent advertised position as required by the State: **Title X Chapter 110 State Employees 110.2135 providing this Plaintiff an Appointment for a probationary period of 1 Year.**

**Semmel** unlawfully terminated the Plaintiff without cause on 10/31/06, **depriving the Plaintiff of his Constitutional and State rights to be heard in both a pre and post hearing.**

35.    **Semmel** brought the Police to the Plaintiff's desk, unlawfully terminated him without a pre or post hearing contrary to **USERRA §4211(a)  and threatened him not to ever return to the University (18 U.S.C. §271).**

36.    **Semmel's**  conduct with no initial employment, unlawful temporary position, false cause termination and failure to provide notice and opportunity for Plaintiff to defend himself, constitute  **Obstruction of Justice under 18 U.S.C. §1503, 18 U.S.C. §245.**

37.    During the 18 month period between 1st Application and Unlawful Termination, neither **Present Brogan, FAU, Attorney Lawrence Glick, nor Semmel** made any effort whatsoever to institutionalize the USERRA Federal Statute supporting the Plaintiff's conspiracy claim that the **FAU Board of Trustees UNLAWFULLY deprived ALL Veteran Applicants and Veteran Employees of their Civil Rights Under USERRA and that FAU Board of Trustees had a conscious and intentional Criminal Conspiracy to Obstruct Justice (18 U.S.C. §1503) 18 U.S.C. §245 for ALL VETERANS.**

38    **Glick,** FAU University Attorney, had the direction and the absolute responsibility to ensure the institutionalization of Federal Antidiscrimination

USERRA reviewing the legal FAU policies and procedures and teaching the 26 department "Hiring Authorities" the legal responsibilities in ensuring proper Federal compliance. **Glick and FAU conspired to deprive the Plaintiff of his Civil Rights ( 18 U.S.C. §241, 18 U.S.C. §242) and intentionally orchestrated the violation of Federal Statute USERRA and the FAU intentional Obstruction of Justice 18 U.S.C. §1503.**

39.    **Glick** was also totally responsible for coordinating the 3rd Party legal firm, **WILLIAMS, LEININGER, & COSBY, P.A.** who falsified documents and ensured the Plaintiff could not compel FAU to provide discovery **18 U.S.C. §241**.

40    The Plaintiff filed a EEOC claim to address his Constitutional and Federal Civil Rights on 1/3/07 and received his RIGHT TO SUE in Federal Court on 3/20/08.

41.    The Plaintiff filed a Federal USERRA Complaint in District Court on 6/1/08 and FAU engaged Williams, Leininger & Cosby, PA attorneys to represent them in District Court.

42.    <u>**CRIMINAL FELONIES FOR DEPRIVATION OF RIGHTS**</u>
**18 USC 1503 is a felony offense for which the sentence can be 10 years imprisonment.**

**18 U.S.C. § 1503** " Due Administration of Justice."

The statute prohibits any activity that corruptly "influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice."

- Because the FAU/KELLY/GLICK/SEMMEL failed to read and comprehend USERRA Federal Statute, they thought that they were adjudicating a simple Court Procedure that they had adjudicated a 100 times with State Procedures **18 U.S.C. §371;**

- FAU/KELLY/GLICK/SEMMEL willfully and intentionally failed to comply with Federal Mandated Judicial Process USERRA judicial process requirement **§4323 (c)(1)(A);**

- FAU/KELLY/GLICK/SEMMEL failed to address 1st mandatory requirement to identify and address USERRA specific "Benefit of Employment" that Employer "Cannot Deny Initial Employment **18 U.S.C. § 245;"**

- FAU/KELLY/GLICK/SEMMEL failed to acknowledge that to Plaintiff's first Employment  Application on 4/14/05, as a matter of law, was the first deprivation, under color of law whereby the Defendants violated Federal Statute USERRA **18 U.S.C. § 245** ;

- FAU/KELLY/GLICK/SEMMEL failed to address 2nd requirement to compensate Plaintiff for wages and benefits of Defendant's failure to hire form 4/14/05 to the current date of approximately **$366,562.50;**

- FAU/KELLY/GLICK/SEMMEL failed to address whether Defendant's actions were intentional and double the liquidated damages in item #2 of approximately **$733,125.00;**

- FAU/KELLY/GLICK/SEMMEL failed to address whether Defendant's actions were intentional and the Court could document a Constitutional factor for punitive damages of 9 times raising the potential outcome to **$3,299,062.50;**

- FAU/KELLY/GLICK/SEMMEL had no idea that they NOW ARE LIABLE for damages up to and including $3.3 million and 10 years imprisonment;

- FAU/KELLY/GLICK/SEMMEL failed to comply with Federal Mandated Constitutional  14th Amendment Due Process and Equal Protection of all laws depriving Plaintiff of his right to a jury trial **18**

U.S.C. § 245;

- FAU/KELLY/GLICK/SEMMEL engaged in the unlawful process of using State procedures and State Law within their decisions when the Supremacy Clause, the USERRA federal and Supreme Court Decisions dictate the State Law cannot defeat Federal law;

- FAU/KELLY/GLICK/SEMMEL discriminated against the Plaintiff by not bothering to read the Federal Anti-discrimination and Anti-retaliation USERRA that was design by Congress to provide the simplest mandated process so that State Courts could not obstruct their "Benefits of Employment 18 U.S.C. § 245;"

- FAU/KELLY/GLICK/SEMMEL totally ignored the fact that the Florida Department of Veteran Affairs (FDVA) had already conducted 14 formal investigations documenting Defendants violation of Federal Statute  USERRA 18 U.S.C. § 245;

- FAU/KELLY/GLICK/SEMMELdeprived Plaintiff of his USERRA Federal Statute making all State Law Null and Void under §4302(b) 18 U.S.C. § 245;

- FAU/KELLY/GLICK/SEMMELdeprived Plaintiff of his USERRA Mandating that No Employer nor any Court can refuse to provide any right or benefit mandated by the Federal Statute §4302 (b), (20 CFR 1002.7) 18 U.S.C. § 245;

- FAU/KELLY/GLICK/SEMMELdeprived Plaintiff of his United States Representation §4323(a) 18 U.S.C. § 245;;

- FAU/KELLY/GLICK/SEMMELdeprived Plaintiff of his wages and benefits for mandated employment (4323(a)(d) 18 U.S.C. § 245;

- FAU/KELLY/GLICK/SEMMELdeprived Plaintiff of his right to a Jury Trial 4323(c) 18 U.S.C. § 245;

- FAU/KELLY/GLICK/SEMMELdeprived Plaintiff of his retention in employment 4323(e) 18 U.S.C. § 245; and;

- Any reasonable high school student would have known that Civil Rights cannot be deprived by a simple denial by a Judge.

## COUNT TWO
## TITLE 42 U.S.C. §1983
## TITLE 18  U.S.C. §241
## TITLE 18 U.S.C. §242
## TITLE 18 U.S.C. §245
## TITLE 18 U.S.C. S371
## TITLE 18 U.S.C. §1503
## WILLIAMS, LEININGER, & COSBY, P.A.
James O. Williams, Attorney as an individual
Carri S Leininger, Attorney as an individual

Defendants herein,, while acting under color of law, did knowingly and willfully with reckless and callous indifference, deprive this Plaintiff of his guaranteed Constitutional Rights to Due Process and Equal protection of all laws -- All a violation of Title **42 U.S.C. Section 1983**

Defendants herein,, while acting under color of law, did knowingly and willfully fail to do their sworn duty to read and comprehend the controlling Federal Civil Rights Standard totally governing FEDERAL DUE PROCESS thereby unlawfully depriving Plaintiff of his right to have a trial by jury. -- All violations of **TITLE 18 U.S.C. §1503 and 18 U.S.C. § 245.**


**§4302(b) USERRA SUPERSEDES ANY STATE LAW OR PRACTICE MAKING ALL STATE DEFENSES NULL AND VOID IN FEDERAL COURT.**

**§4302 (b) NO EMPLOYER NOR ANY COURT CAN REFUSE TO PROVIDE ANY RIGHT OR BENEFIT MANDATED BY THE FEDERAL CIVIL RIGHTS USERRA STATUTE**

43.     The Plaintiff provided a  two-hour deposition to the  FAU attorneys and FAU permitted the Plaintiff to search the Plaintiff's HR personal Records.. The Plaintiff could not afford to depose the FAU persons and discovery was declined.

44.     Williams, Leininger, & Cosby Attorneys, James Williams and Carri Leininger, did knowingly and intentionally **deprive** this Plaintiff of his Constitutional 14th Amendment to Due Process and Equal Protection of All Laws .because they were not smart enough to read the Federal USERRA Statute specifically designed by Congress to ensure "Absolute Compliance."

45.     Federal Civil Rights and Federal Anti-discrimination and Anti-retaliation law generally belong in Federal Court because as a matter of first resort *(Monroe v. Pope, 365 U.S. 167(1961).*

46.     Congress specifically designed he USERRA to be "Outcome Determinant" and was written at the high school level for Veterans:

> **§4323 (c)(1)(A) The District Courts of the United States "SHALL HAVE JURISDICTION" upon the filing of a complaint, motion, petition, or other appropriate pleading by or on behalf of the person claiming a right or benefit under this chapter.  The District Court can require:**
>
> **a.     to require the employer to comply with the provisions of this chapter;**
>
> **b.     to require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter; and**
>
> **c.     to require the employer to pay the person an amount equal to the amount referred to in clause (b) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of this chapter was willful.**

47.    How simple is it when Congress writes the exact Absolute assurance process for ensuring the Veterans' Preference Civil Rights in accordance with the Constitution's 14th Amendment for Due Process and Equal Protection?   Permit the Plaintiff to walk through his understanding of the law:

a. **§4211(a) "shall not be denied initial employment, reemployment, retention in employment, or any benefit of employment."**

- Plaintiff was required, as a matter of law, a position on 4/14/05;
- To this date the Plaintiff has had a reasonable expectation of having been employed for approximately 12.75 years;
- District Court requires Defendants to have provided the Plaintiff a position of that date and have required retention in employment to this date as required by law.

b. **§4323 (c)(1)(A)(b) "shall require the employer to compensate the person for any loss of wages or benefits suffered,,,:"**

- Defendants, Under threat of litigation by FDVA, hired the Plaintiff in the Controller's Office for a $25000.00 salary on 5/19/06;
- Wages and benefits in addition to healthcare and retirement would easily increase the remuneration to $28,750./yr. and;
- While there would be promotions, annual pay increases, and interest owed over the long period, the minimum compensation would start at $366,562.50 to date..

c.. **§4323 (c)(1)(A)(c) <u>shall require the employer to pay the person an amount equal to the amount referred to in clause (b) as liquidated damages:</u>**

- Plaintiff suggests that there is no question that all the defendants failed to read and comprehend USERRA Statute because each and every Defendant themselves violated the USERRA Statute;
- The District Court should comply and assess $366,562.50..as liquidated damages to make the District Court capable of awarding the Plaintiff a **minimum of $733,125.00 (§4323 (c)(1)(A)(c));** and
- The Supreme Court has held that punitive damages up to 9 times as

considered constitutional making the USERRA award to the Plaintiff a **maximm of  (9 X $366,562.50) =  $3,299,062.50.    State Farm Mut. Auto Ins. v Campbell No. 01-1289 U.S. LEXIS  2713, 71 U.S.L.W. 4282 (April 7, 2003).**

48.    **Williams and Leininger** obviously failed to visit FAU and read the Federal Mandated "YOUR RIGHTS UNDER USERRA" posted on the FAU Employment wall:

**§4211(a) shall not be denied initial employment, reemployment, retention in employment, or any "Benefit  of Employment."**

Defendant's attorney's first question is  whether or not FAU denied the Plaintiff any employment.  It turns out that FAU denied not just one application but 38 applications contrary to Federal Statute USERRA.  Not only that, but the State Department of Veterans' Affairs ("FDVA") conducted 14 formal investigations over the course of a year and documented that FAU indeed had violated the Plaintiff's "YOUR RIGHTS UNDER USERRA." A Federal Statute and had forced FAU to hire the Plaintiff under threat of litigation.

49.    Certainly, **Williams and Leininger** realized that their client (FAU) had not only violated the Federal Statute USERRA Anti-discrimination and Anti-Retaliation Law,  but that they also violated the Constitution's 14th Amendment Civil Rights to Due Process and Equal Protection of the Law.   The very first task should have been to read the Federal Statute—in order to prepare a defense to the Federal

Statute that their Client had violated – the Defendant failed to read the controlling Federal Statute; thus, obstructing the Plaintiff's rights **18  U.S.C. §245.**

50.    Certainly, **Williams and Leininger** perpetrated a "Fraud on the Court" by denying all of the Plaintiff's 14 Counts and 110 USERRA Claims  **USERRA's (Doc 30 1/17/2008)** that documented Defendant's violations of a Federal Statute while actually knowing that FDVA had proven 14  positions violated the Federal Statute USERRA for .**§4211(a) (18  U.S.C. §241).**

51.    **Williams and Leininger** falsely claimed that **Florida Statute §768.28** limited Plaintiff's damages.  Of course most attorneys and judges know that a State Statute cannot defeat a Federal Statute.  And of course, all Court Officials  have taken an oath to protect and defend the Constitution' Supremacy Clause **(Doc 30 #111).** And if that is not enough the Federal Statute **§4302 (b) "This chapter supersede any State law including any local law or ordinance, contract, agreement, policy, plan, practice (** **18  U.S.C. §241).**

52.    **Williams and Leininger** perpetrated a "Fraud on the Court" by unlawfully claiming in (**Motion For Final Judgment Summary Judgment dated 2/2/10}** that   Florida Civil Rights Act **(FCRA)** and 21 pages of dozens of Florida Case Law had any bearing on a District Court Case contrary to Federal Statute **§4302 (b) "This chapter supersede any State law including any local law or ordinance,**

**contract, agreement, policy, plan, practice,** as well as the Supremacy Clause eliminating the Defendant's claim - as well as many Supreme Court cases **18 U.S.C. §242).**

53.   **Williams and Leininger** conspired with the **Judge Johnson (18 U.S.C. §242)** to deprive the Plaintiff of his Constitutional 14 Amendment Rights to Due Process and Equal Protection of All Laws by unlawfully using State Law to challenge Federal Statute USERRA Law that their Client had violated **18 U.S.C. §242).**

54.   **Williams and Leininger** conspired with **Judge Johnson (18 U.S.C. §1503) to Obstruct Justice** by ignoring the Federal statute their client had violated and by forcing the Plaintiff into State Court in order to defeat the Plaintiff's Federal Statute USERRA.  Whether in Federal Court or in State Court, **§4302 (b) "This chapter supersede any State law including any local law or ordinance, contract, agreement, policy, plan, practice 18  U.S.C. §1503.**

55..   If the Defendant legal firm were to have read the law, it would have been absolutely clear that the USERRA mandated by the US Government to be published on the Employer's wall specifically **precludes the attorneys Williams and Leininger from reducing, limiting or eliminating  any "Benefits of Employment requiring them to address each and every Benefit of Employment in the Complaint.** before the Court.  By failing to address each of the 38 documented FAU failures, failures to hire, **Williams and Leininger intentionally Obstructed Justice**

(18 U.S.C. §1503) and deprived the Plaintiff of his USERRA Civil Rights.(18 U.S.C. §242).

56.     **Williams and Leininger** conspired with their Client FAU to disregard the Mandated USERRA Civil Rights Law and **deprive the Plaintiff of 14th Amendment right to Due Process and Equal Protection of all law** (18 U.S.C. §242).

57.     **Williams and Leininger** conspired with their Client **FAU** to unlawfully **deprive** this Plaintiff of his USERRA Federal Anti-discrimination and Anti-retaliatory Civil Rights  (18 U.S.C. §242) by intentionally failing to address each  of 38  "failure to hire" claims contrary to;

> **§4302 (b)_NO EMPLOYER NOR ANY COURT CAN REFUSE TO PROVIDE ANY RIGHT OR BENEFIT MANDATED BY THE FEDERAL CIVIL RIGHTS USERRA STATUTE**

58.     Knowing that the Federal USERRA Statute Superseded State Law, **Williams and Leininger** unlawfully created an conspiracy to move the  Plaintiff's Complaint to the State Court by introducing those State Policies, Rules, Practices where the Defendants could unlawfully suggest to the Court that State Law could defeat Federal Law contrary to;

> **§4302(b) USERRA SUPERSEDES ANY STATE LAW OR PRACTICE MAKING ALL STATE DEFENSES NULL AND VOID IN FEDERAL COURT.**

59.    **Williams and Leininger KNOWINGLY AND INTENTIONALLY undertook an action "from which an Obstruction of Justice was a reasonably foreseeable result 18 U.S.C. §1503.**

60.    **Title 18 U.S.C. Section 371** makes criminal any scheme, or artifice facilitating the willful impairment of a legitimate government function in any manor, for any purpose.

61.    **Williams and Leininger** have corruptly influenced, obstructed, or impeded, or have endeavored to influence, obstruct, or impede, the due administration of justice, all in violation of Title **18 U.S.C. Section 1503.**

62.    **Williams and Leininger are primarily responsible for perpetrating a "Fraud on the Court"** by personally corrupting the Plaintiff's DUE Process and Equal Protection of all Laws by unlawfully forcing the Plaintiff's case into State Court contrary to USERRA: **§4323 (c)(1)(A).** The District Courts of the United States "SHALL HAVE JURISDICTION" upon the filing of a complaint, motion, petition, or other appropriate pleading by or on behalf of the person claiming a right or benefit under this chapter. This action, and this action alone, deprived Plaintiff of his Civil Rights denying him a trial by jury thus forcing 9 subsequent Courts to make judgments on falsified State procedures and State Laws that were never legal in the first place – All violations of Obstruction of Justice **18  U.S.C. §1503.**

63.   **Williams and Leininger are personally guilty of**  depriving the Plaintiff of 12.75 years of employment and the hundreds and hundreds of hours of aggravation preparing responses to corrupt processes that was totally unrelated to the Plaintiff's issues.  From the Plaintiff's perspective walkthrough this case should have been maybe a half a day in District Court -- if conducted in accordance with the Federal Statute USERRA process..

> **§4302(b) USERRA SUPERSEDES ANY STATE LAW OR PRACTICE MAKING ALL STATE DEFENSES NULL AND VOID IN FEDERAL COURT.**
>
> **§4302 (b) NO EMPLOYER NOR ANY COURT CAN REFUSE TO PROVIDE ANY RIGHT OR BENEFIT MANDATED BY THE FEDERAL CIVIL RIGHTS USERRA STATUTE**

64.   Had Defendants **Williams and Leininger** taken time to read the Federal Civil Rights Federal Statute USERRA summarized above they would never had committed the **corrupt Obstruction of Justice and the corrupt judicial process would have been  12 years fewer and 9 cases less.**

65.   **<u>CRIMINAL FELONIES FOR DEPRIVATION OF RIGHTS</u>**
       **18 USC 1503 is a felony offense for which the sentence can be 10 years imprisonment.**

**18 U.S.C. § 1503 "** Due Administration of Justice."

The statute prohibits any activity that corruptly "influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice."

- Because the Williams, Leininger, & Cosby, P.A./Williams/Leininger failed to read and comprehend USERRA Federal Statute, they thought that they were adjudicating a simple Court Procedure that they had adjudicated a 100 times with State Procedures **18 U.S.C. §371;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger willfully and intentionally failed to comply with Federal Mandated Judicial Process USERRA judicial process requirement **§4323 (c)(1)(A) 18 U.S.C. §371:**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger failed to address 1st mandatory requirement to identify and address USERRA specific "Benefit of Employment" that Employer "Cannot Deny Initial Employment" **§4323 (c)(1)(A) 18 U.S.C. §371;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger failed to acknowledge that to Plaintiff's first Employment Application on 4/14/05, as a matter of law, was the first deprivation, under color of law whereby the Defendants violated Federal Statute USERRA **18 U.S.C. § 245;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger failed to address 2nd requirement to compensate Plaintiff for wages and benefits of Defendant's failure to hire form 4/14/05 to the current date of approximately **$366,562.50, 18 U.S.C. § 245;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger failed to address whether Defendant's actions were intentional and double the liquidated damages in item #2 of approximately **$733,125.00 18 U.S.C. § 245;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger failed to address whether Defendant's actions were intentional and the Court could document a Constitutional factor for punitive damages of 9 times raising the potential outcome to **$3,299,062.50 18 U.S.C. §371;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger had no idea that they NOW ARE LIABLE for damages up to and including $3.3 million and **10 years imprisonment;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger failed to comply with Federal Mandated Constitutional 14th Amendment Due Process and

Equal Protection of all laws depriving Plaintiff of his right to a jury trial **18 U.S.C. §371;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger engaged in the unlawful process of using State procedures and State Law within their decisions when the Supremacy Clause, the USERRA federal and Supreme Court Decisions dictate the State Law cannot defeat Federal law **18 U.S.C. §371;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger discriminated against the Plaintiff by not bothering to read the Federal Anti-discrimination and Anti-retaliation USERRA that was design by Congress to provide the simplest mandated process so that State Courts could not obstruct their "Benefits of Employment" **18 U.S.C. §371;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger totally ignored the fact that the Florida Department of Veteran Affairs (FDVA) had already conducted 14 formal investigations documenting Defendants violation of Federal Statute  USERRA **18 U.S.C. §371;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger deprived Plaintiff of his USERRA Federal Statute making all State Law Null and Void under **§4302(b) 18 U.S.C. §371;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger deprived Plaintiff of his USERRA Mandating that No Employer nor any Court can refuse to provide any right or benefit mandated by the Federal Statute **§4302 (b), (20 CFR 1002.7) 18 U.S.C. §371;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger deprived Plaintiff of his United States Representation **§4323(a) 18 U.S.C. §371;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger deprived Plaintiff of his wages and benefits for mandated employment (**4323(a)(d) 18 U.S.C. §371;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger deprived Plaintiff of his right to a Jury Trial **4323(c) 18 U.S.C. §371;**

- Williams, Leininger, & Cosby, P.A./Williams/Leininger deprived Plaintiff of his retention in employment **4323(e)(2)(A) 18 U.S.C. §371;** and

- Any reasonable high school student would have known that Civil Rights cannot be deprived by a simple denial by a Judge.

**COUNT THREE**
**TITLE 42 U.S.C. §1983**
**TITLE 18  U.S.C. §241**
**TITLE 18 U.S.C. §242**
**TITLE 18 U.S.C. §245**
**TITLE 18 U.S.C. §371**
***TITLE 18 U.S.C. §1503***
**UNITED STATES DISTRICT COURT SOUTHERN**
**DISTRICT COURT OF FLORIDA**

Linnea R. Johnson as an individual  1st case
Beth Bloom as an individual

Defendants herein,, while acting under color of law, did knowingly and willfully with reckless and callous indifference, deprive this Plaintiff of his guaranteed Constitutional Rights to Due Process and Equal protection of all laws –**All a violation of Title 42 U.S.C. Section 1983**

Defendants herein,, while acting under color of law, did knowingly and willfully fail to do their sworn duty to read and comprehend the controlling Federal Civil Rights Standard totally governing FEDERAL DUE PROCESS thereby unlawfully depriving Plaintiff of his right to have a trial by jury. -- All violations of **TITLE 18 U.S.C. §1503 and 18 U.S.C. § 245.**

**§4302(b) USERRA SUPERSEDES ANY STATE LAW OR PRACTICE MAKING ALL STATE DEFENSES NULL AND VOID IN FEDERAL COURT.**

**§4302(b)_NO EMPLOYER NOR ANY COURT CAN REFUSE TO PROVIDE ANY RIGHT OR BENEFIT**

## MANDATED BY THE FEDERAL CIVIL RIGHTS
## USERRA STATUTE

66.     **Judge Linnea R. Johnson and Judge Beth Bloom** totally mismanaged

the Plaintiff's District Court cases: 9-08-CV-89656-LJR between 6/7/08 and 6/9/10

and 16-CV-81521-BB between 8/20/16 and 2/6/17 . First and foremost**, both**

**Johnson and Bloom** failed to even read and comprehend the Federal USERRA Civil

Rights Statute called "YOUR RIGHTS UNDER USERRA," that is required by law,

to be posted on all government employment offices in order to protect the Plaintiff's

Civil Rights.  If the Government goes to the trouble to post the Federal Statute on the

wall of all Employment offices, you would think that judges should at least read and

comprehend what is so important for such an action .

67.     Second**. Both Johnson and Bloom** had a legal obligation to do the

appropriate research about the Plaintiff's legal basis for the Complaint..   Any

reasonable person would know that you cannot judge the Plaintiff's legal position

without first reading and comprehending the related laws.  The legal foundation for

the  Plaintiff's case is: ( https://www.dol.gov/vets/usc/vp/usc38.htm#4323 ) backed

up by Federal CFRs from the Department of Labor (DOLVETS) **(20  CFR 1002**

**Final Rule (State Employers): (** https://www.gpo.gov/fdsys/pkg/CFR-2011-title20-

vol3/pdf/CFR-2011-title20-vol3-part1002.pdf ).

68.     **Both Johnson and Bloom** clearly demonstrated that they did not have the basic Federal Statute and Constitutional knowledge in order to properly adjudicate the Plaintiff's case.  Neither Judge knew that Civil Rights was a special critical element of our judicial system necessitating special "YOUR RIGHTS UNDER USERRA" BEING MANDATED BY THE Government to be posted on EVERY Government Employer's wall with All State University **Presidents** responsible to the State University System to have the USERRA Statute integrated into the University Employment Policies and procedures .

69.     **Both Johnson and Bloom** clearly demonstrated that they also had no recollection that they took an oath to serve and protect the Constitution – specifically the 14th Amendment's DUE PROCESS AND EQUAL PROTECTION OF ALL LAWS.  Judges are totally incapable of providing due process  and equal protection to the Constitution.

70.     Had **Judges Johnson an Bloom** read the entire USERRA Federal Statute, the Judges would have discovered these specific **"Benefits of Employment" that cannot be deprived.**

> a.   **§4323 (c)(1)(A) The district courts of the United States shall have jurisdiction, upon the filing of a complaint, motion, petition, or other appropriate pleading by or on behalf of the person claiming a right or benefit under this chapter;**
>
> b.   **§4302(b) No Employer nor any Court can refuse to provide any right or benefit mandated by Federal USERRA;**

    **c.**    **§4211(a) shall not be denied initial employment, reemployment, retention in employment, promotion, of any benefit of employment**

    **d.**    **§4302(b) USERRA supersedes any state law or practice making all defense null and void in Federal Court;**

    **e.**    **§4327(b), there shall be no limit on the period for the filing the complaint or claim."**

    **f.**    **Fourteenth Amendment: Section 1. "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within the jurisdiction the equal protection of the laws;"**

71.    **Judge Johnson's and Judge Bloom's** actions clearly demonstrated a violation of the 14th Amendment to the Constitution of Due Process and Equal Protection of all Laws:

    **a.**    Due Process required **Johnson and Bloom** to identify the Plaintiff's Initial Employment claim and require the FAU Defendant to identify and comply with that employment action in accordance with **§4323 (c)(1)(A);**

    **b.**    **Johnson and Bloom** were then required to arbitrate the damages that occurred by FAU failure to follow the USERRA Federal Statute;

    **c.**    **Johnson and Bloom** were then required under USERRA Federal Statute to determine if the FAU action was intentional; and

    **d.**    **Johnson and Bloom** were then required to publish the order and close the case with sanctions.

72.    Since **Johnson and Bloom** had no idea what the Plaintiff USERRA Civil Rights were and they did not follow the detailed mandated process **4323**

**(c)(1)(A),  Johnson and Bloom** did, in fact, **violate the USERRA Statute subject to Criminal sanctions.**

73.    **Johnson and Bloom,** violated the Plaintiff's Civil Rights "under color of law" and is subject to: <u>**42 U.S,C, §1983 FEDERAL CRIMINAL LIABILITY ACTIONS FOR DEPRIVATION OF RIGHTS:**</u>    Federal Courts are authorized to hear cases  brought under *18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 245, 18 U.S.C. § 371; and 18 U.S.C. § 1503).*

74.    **Johnson and Bloom** deprived this Plaintiff of his proper standing before the Court in accordance with 42 U.S.C. §1983 unlawfully ignoring the Mandated District Court USEERA three step process and depriving this plaintiff of his mandated **trial by Jury under 14TH Amendment and §4323(c).**

75.    Defendant **Johnson and Bloom** should have known that Civil Rights is a Federal Issue and that USERRA is Congress' detailed law that specifically ensures that the Plaintiff cannot be denied his "Benefits of Employment."

> <u>**§4302 (b) "This chapter supersede any State law including any local law or ordinance, contract, agreement, policy, plan, practice, or other matter that reduces, limits, of eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise or any such right or the receipt of any such benefit."**</u>

76.. **§4302 (b) specifies that NO Court can reduce, limit, or eliminate defeat's Congress' "Benefits of Employment" nor can any State law be used as evidence because the Federal Statute SUPERSEDES all State laws practices etc.**

77. **Johnson and Bloom** conspired with the Defendants to unlawfully **deprive the Plaintiff his entire case** by not even addressing the elements of USERRA and by unlawfully using State Law to corrupt the process when the law precluded any and all State practices from influencing the Court.

78 **Johnson and Bloom** unlawfully deprived the Plaintiff of his guaranteed **§4323(c)** right to the Jury Trial as Demanded .

79. **Johnson and Bloom** took an oath to support and defend the Constitution and they should have known that State law and practices cannot defeat Federal Statutes as a matter of law by the **Supremacy clause of the Constitution**.

80.. **Johnson and Bloom** likewise failed to read and comprehend the Federal Statute USERRA and their decision also included unlawful State laws and procedures that cannot defeat the **USERRA Federal Statute that Superseded all State Law** and procedures..

81. **Johnson and Bloom** would have discovered that **NO COURT CAN REDUCE, LIMIT, OR ELIMINATE THE ELEMENTS OF THE LAW AND MUST ADDRESS EACH AND EVERY CLAIM MADE THEREIN.**

82.    **Johnson and Bloom,** by refusing to even mention PL 103-353-USERRA, **did deprive this Plaintiff of DUE PROCESS and EQUAL PROTECTION AS WELL AS HIS RIGHT TO A TRIAL BY JURY.**

83.    **Johnson and Bloom** also conspired with Defendants to use Statute of Limitations State Law when USERRA Federal Statute prohibits the use of Statute of Limitations **§4327(b)**  and conspired with the Defendants to deprive the Plaintiff of his right to a Trial by Jury.

84.    **Johnson and Bloom** took a oath to support and defend the Constitution and certainly should have known that State Law and procedures cannot defeat the Federal Statute according to the Supremacy Clause.

85.    **Johnson and Bloom** deprived this Plaintiff of his 14th Amendment  of Due Process and Equal Protection of All Laws.

> **§4327(b) "If any person seeks to file a complaint or claim with the Secretary, the Merit System Protection Board, or a Federal or State court under this chapter alleging a violation of this chapter, there shall be no limit on the period for the filing the complaint or claim."**

86.    **CRIMINAL FELONIES FOR DEPRIVATION OF RIGHTS**
**18 USC 1503 is a felony offense for which the sentence can be 10 years imprisonment.**

**18 U.S.C. § 1503 " Due Administration of Justice."**

The statute prohibits any activity that corruptly "influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice."

- Because the Williams and Leininger and Judge Johnson and Judge Bloom

failed to read and comprehend USERRA Federal Statute, they thought that they were adjudicating a simple Court Procedure that they had adjudicated a 100 times with State Procedures **18 U.S.C. §371;**

- Judge Johnson and Judge Bloom willfully and intentionally failed to comply with Federal Mandated Judicial Process USERRA judicial process requirement **§4323 (c)(1)(A) 18 U.S.C. § 245 ;**

- Judge Johnson and Judge Bloom failed to address 1st mandatory requirement to identify and address USERRA specific "Benefit of Employment" that Employer "Cannot Deny Initial Employment **18 U.S.C. § 245**;

- Judge Johnson and Judge Bloom failed to acknowledge that to Plaintiff's first Employment Application on 4/14/05, as a matter of law, was the first deprivation, under color of law whereby the Defendants violated Federal Statute USERRA **18 U.S.C. § 245**;

- Judge Johnson and Judge Bloom failed to address 2nd requirement to compensate Plaintiff for wages and benefits of Defendant's failure to hire form 4/14/05 to the current date of approximately **$366,562.50  18 U.S.C. § 245**;

- Judge Johnson and Judge Bloom failed to address whether Defendant's actions were intentional and double the liquidated damages in item #2 of approximately **$733,125.00 18 U.S.C. § 245**;

- Judge Johnson and Judge Bloom failed to address whether Defendant's actions were intentional and the Court could document a Constitutional factor for punitive damages of 9 times raising the potential outcome to **$3,299,062.50 18 U.S.C. § 245;**

- Judge Johnson and Judge Bloom had no idea that they NOW ARE LIABLE for damages up to and including $3.3 million and **10 years imprisonment;**

- Judge Johnson and Judge Bloom failed to comply with Federal Mandated Constitutional  14th Amendment Due Process and Equal Protection of all laws depriving Plaintiff of his right to a jury trial **18 U.S.C. § 245;**

- Judge Johnson and Judge Bloom engaged in the unlawful process of using State procedures and State Law within their decisions when the Supremacy Clause, the USERRA federal and Supreme Court Decisions dictate the State Law cannot defeat Federal law **18 U.S.C. § 245;**

- Judge Johnson and Judge Bloom discriminated against the Plaintiff by not bothering to read the Federal Anti-discrimination and Anti-retaliation USERRA that was design by Congress to provide the simplest mandated process so that State Courts could not obstruct their "Benefits of Employment" **18 U.S.C. § 245;**

- Judge Johnson and Judge Bloom totally ignored the fact that the Florida Department of Veteran Affairs (FDVA) had already conducted 14 formal investigations documenting Defendants violation of Federal Statute USERRA **18 U.S.C. § 245;**

- Judge Johnson and Judge Bloom deprived Plaintiff of his USERRA Federal Statute making all State Law Null and Void under **§4302(b) 18 U.S.C. § 245;**

- Judge Johnson and Judge Bloom deprived Plaintiff of his USERRA Mandating that <u>No Employer nor any Court</u> can refuse to provide any right or benefit mandated by the Federal Statute **§4302 (b), (20 CFR 1002.7) 18 U.S.C. § 245;**

- Judge Johnson and Judge Bloom deprived Plaintiff of his United States Representation **§4323(a) 18 U.S.C. § 245;**

- Judge Johnson and Judge Bloom d deprived Plaintiff of his wages and benefits for mandated employment **(4323(a)(d) 18 U.S.C. § 245;**

- Judge Johnson and Judge Bloom deprived Plaintiff of his right to a Jury Trial **4323(c) 18 U.S.C. § 245;**

- Judge Johnson and Judge Bloom deprived Plaintiff of his retention in employment **4323(e)(2)(A); 18 U.S.C. § 245** and

- Any reasonable high school student would have known that Civil Rights cannot be deprived by a simple denial by a Judge.

<u>**COUNT FOUR**</u>
<u>**TITLE 42 U.S.C. §1983**</u>
<u>**TITLE 18  U.S.C. §241**</u>
<u>**TITLE 18 U.S.C. §242**</u>
<u>**TITLE 18 U.S.C. §245**</u>
<u>**TITLE 18 U.S.C. §371**</u>
<u>*__TITLE 18 U.S.C. §1503__*</u>
<u>**THE UNITED STATE \CIRCUIT COURT OF APPEALS 11TH CIRCUIT**</u>

Adalberto Jordon as an individual
Robin S. Rosenbaum as an individual
Peter T. Fay as an individual
Stanley Marcus  1st Case as an individual

Defendants herein,, while acting under color of law, did knowingly and willfully with reckless and callous indifference, deprive this Plaintiff of his guaranteed Constitutional Rights to Due Process and Equal protection of all laws -- **All a violation of Title 42 U.S.C. Section 1983**

Defendants herein,, while acting under color of law, did knowingly and willfully fail to do their sworn duty to read and comprehend the controlling Federal Civil Rights Standard totally governing FEDERAL DUE PROCESS thereby unlawfully depriving Plaintiff of his right to have a trial by jury. -- All violations of **TITLE 18 U.S.C. §1503 and 18 U.S.C. § 245.**


**§4302(b) USERRA SUPERSEDES ANY STATE LAW OR PRACTICE MAKING ALL STATE DEFENSES NULL AND VOID IN FEDERAL COURT.**

**§4302 (b) NO EMPLOYER NOR ANY COURT CAN REFUSE TO PROVIDE ANY RIGHT OR BENEFIT MANDATED BY THE FEDERAL CIVIL RIGHTS USERRA STATUTE**

87.     **Judges Adalberto Jordon, Robin S. Rosenbaum, Peter T. Fay, and Stanley Marcus ("Judges")** conspired with the Defendants to **deprive this Plaintiff 14th Amendment Civil Rights to DUE PROCESS AND EQUAL PROTECTION OF ALL LAWS and the Plaintiff's right to a trial by a jury.**

88.     These 11th Circuit Judges essentially replicated each and every unlawful action taken by the judges of the Southern District Court of Florida with a total disregard for the Plaintiff's Civil Rights and the MANDATED CONTROLLING FEDERAL STATUTE further corrupting the judicial system over 12.75 years depriving the Plaintiff of his Constitutional Civil and Federal Statute Rights.

89.     **No reasonable person could possibly conclude that these judges did their sworn duty to serve and protect the Constitution of the United States while not bothering to read and comply with THE MANDATED CIVIL RIGHTS DETAILED CONGRESS' USERRA Federal Statute. It is absolutely corrupt to have judges use State Law to defeat Federal Law when they have sworn to comply with the Supremacy Clause and when the Plaintiff's USERRA Federal Statute Supersedes ALL State Law.** IS IT NOT CORRUPT FOR THE JUDICIAL SYSTEM TO USE CIVIL STATE PROCEDURES AND LAWS TO DEFEAT CLEAR, ABSOLUTE, FEDERAL LAW?

90.     **<u>CRIMINAL FELONIES FOR DEPRIVATION OF RIGHTS</u>**
**18 USC 1503 is a felony offense for which the sentence can be 10 years imprisonment.**

**18 U.S.C. § 1503 " Due Administration of Justice."**

The statute prohibits any activity that corruptly "influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice."

- Because the Judges failed to read and comprehend USERRA Federal Statute, they thought that they were adjudicating a simple Court Procedure that they had adjudicated a 100 times with State Procedures **18 U.S.C. §371**;

- Judges willfully and intentionally failed to comply with Federal Mandated Judicial Process USERRA judicial process requirement **§4323 (c)(1) (A) 18 U.S.C. §245**;

- Judges failed to address 1st mandatory requirement to identify and address USERRA specific "Benefit of Employment" that Employer "Cannot Deny Initial Employment **18 U.S.C. §245**;

- Judges failed to acknowledge that to Plaintiff's first Employment Application on 4/14/05, as a matter of law, was the first deprivation, under color of law whereby the Defendants violated Federal Statute USERRA **18 U.S.C. §245**;

- Judges failed to address 2nd requirement to compensate Plaintiff for wages and benefits of Defendant's failure to hire form 4/14/05 to the current date of approximately **$366,562.50 18 U.S.C. §245**;

- Judges failed to address whether Defendant's actions were intentional and double the liquidated damages in item #2 of approximately **$733,125.00; 18 U.S.C. §245**;

- Judges failed to address whether Defendant's actions were intentional and the Court could document a Constitutional factor for punitive damages of 9 times raising the potential outcome to **$3,299,062.50  18 U.S.C. §245**;

- Judges had no idea that they NOW ARE LIABLE for damages up to and including $3.3 million and **10 years imprisonment**;

- Judges failed to comply with Federal Mandated Constitutional 14th

Amendment Due Process and Equal Protection of all laws depriving Plaintiff of his right to a jury trial **18 U.S.C. §245;**

- Judges engaged in the unlawful process of using State procedures and State Law within their decisions when the Supremacy Clause, the USERRA federal and Supreme Court Decisions dictate the State Law cannot defeat Federal law **18 U.S.C. §245;**

- Judges discriminated against the Plaintiff by not bothering to read the Federal Anti-discrimination and Anti-retaliation USERRA that was design by Congress to provide the simplest mandated process so that State Courts could not obstruct their "Benefits of Employment" **18 U.S.C. §245;**

- Judges totally ignored the fact that the Florida Department of Veteran Affairs (FDVA) had already conducted 14 formal investigations documenting Defendants violation of Federal Statute  USERRA **18 U.S.C. §245;**

- Judges deprived Plaintiff of his USERRA Federal Statute making all State Law Null and Void under **§4302(b) 18 U.S.C. §245;**

- Judges deprived Plaintiff of his USERRA Mandating that <u>No Employer nor any Court</u> can refuse to provide any right or benefit mandated by the Federal Statute **§4302 (b), (20 CFR 1002.7) 18 U.S.C. §245;**

- Judges deprived Plaintiff of his United States Representation **§4323(a) 18 U.S.C. §245;;**

- Judges deprived Plaintiff of his wages and benefits for mandated employment **(4323(a)(d) 18 U.S.C. §245;**

- Judges deprived Plaintiff of his right to a Jury Trial **4323(c)  18 U.S.C. §245;**

- Judges deprived Plaintiff of his retention in employment **4323(e)(2) 18 U.S.C. §245;** and

- Any reasonable high school student would have known that Civil Rights cannot be deprived by a simple denial by a Judge.

**18 U.S.C.. § 242. Deprivation of Rights Under Color of Law**

Deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

- Judges deprived Plaintiff' of his absolute right to claim the Federal Mandated USERRA process  be adjudicated in Federal District Court;

- Judges failed to read and comply with Federal USERRA Statute depriving Plaintiff of his Mandated Benefits of Employment and lists of specific "Benefits of Employment" designed for Federal Court

**18 U.S.C. § 241. Conspiracy against rights.**

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United State

- Judges conspired with Defendants by  "rubber stamping"  the District Court's fraudulent claim that Plaintiff's claims were "time barred" (Order 12/14/17 Pg. #3) when  USERRA **§4327(b) states there "shall be no limit on the period for filing the complaint;"**

- Judges conspired with Defendant's to use State Procedures and State Law in the (Order 12/14/17 Pg. #3)

**18 U.S.C. § 245 Common Obstruction of Justice**

One who intimidates or interferes with any person from participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States.

- Judges conspired with Attorneys **Williams and Leininger** to ignore the Due Process and Equal  Protection of the 14th Amendment;

- Judges deprived  Plaintiff of the following specific Benefits  of USERRA:

- Judges deprived  Plaintiff of  a multitude of specific benefits provided by Congress including §4301(a)(3),  §4302(b),  §4211(a), §4211(b), §4323(a), §4211(c)(1)(A), §4327(b); and 20 CFR 1002.7(a);

- Judges unlawfully deprived the  Plaintiff of his Federal Benefits of Employment by stating that their Decision on Motion To Dismiss **(Doc #32 dated 2/6/17)** was based on Statute of Limitations when the Federal Statute has no statute of limitations.( **§4323(a)** "

### 18 U.S.C. § 371 Conspiracy to defraud the United States

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States:

1. They cheat the government out of money or property;
2. They interfere or obstruct legitimate Government activity; or
3. They make wrongful use of a governmental instrumentality.

- Judges failed to address the Plaintiff's claim that, as a matter of law, he is entitled be represented by the United States under **§4323(a)** ;

- Judges committed a "Fraud on the Court" by ignoring the Plaintiffs pro se right to be represented by the DOJ;

- Judges in their  decision  (Order 12/14/17 Pg. #3)  claimed that **42 U.S.C. §1983** is subject to "The State's Statute of Limitations which is a "Fraud on the Court" and contrary to Federal Statute  **§4302(b);**

**COUNT FOUR**
**TITLE 42 U.S.C. §1983**
**TITLE 18  U.S.C. §241**
**TITLE 18 U.S.C. §242**
**TITLE 18 U.S.C. §371**
***TITLE 18 U.S.C. §1503***
**CIRCUIT COURT OF THE 15TH  JUDICIAL DISTRICT**
Catherine Brunson as an individual
James O. Williams, Attorney as an individual
Carri S Leininger, Attorney as an individual

Defendants herein,, while acting under color of law, did knowingly and willfully with reckless and callous indifference, deprive this Plaintiff of his guaranteed Constitutional Rights to Due Process and Equal protection of all laws –**All a violation of Title 42 U.S.C. Section 1983**

Defendants herein,, while acting under color of law, did knowingly and willfully fail to do their sworn duty to read and comprehend the controlling Federal Civil Rights Standard totally governing FEDERAL DUE PROCESS thereby unlawfully depriving Plaintiff of his right to have a trial by jury. -- All violations of **TITLE 18 U.S.C. §1503 and 18 U.S.C. § 245.**

**§4302(b) USERRA SUPERSEDES ANY STATE LAW OR PRACTICE MAKING ALL STATE DEFENSES NULL AND VOID IN FEDERAL COURT.**

**§4302 (b)_NO EMPLOYER NOR ANY COURT CAN REFUSE TO PROVIDE ANY RIGHT OR BENEFIT MANDATED BY THE FEDERAL CIVIL RIGHTS USERRA STATUTE**

91.     **Williams and Leininger** represented Florida Atlantic University Board of Trustees ("FAU") before the initial  District Court. where the Plaintiff  used the Federal Civil Rights Anti-discrimination and Anti-retaliation Statute USERRA that was posted on the FAU HR Wall to challenge his unlawful termination without cause and without either the pre or the post terminations required by law.

92.     **Williams & Leininger and Judge Brunson** failed to read and comprehend the USERRA Federal Mandated Civil Rights "Benefits of Employment"

Statute required to be given all Veteran Applicants and institutionalized into the FAU

Employment Process..

> **USERRA §4302 (b) "This chapter supersede any State law including any local law or ordinance, contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise or any such right or the receipt of any such benefit."**

93.    **Williams and Leininger <u>conspired</u> with Judge Brunson to deprive this Plaintiff's right to have his case in District Court as a matter of law.** Plaintiff

had a Federal Civil Rights Complaint supported by THE ONE & ONLY USERRA

Federal Anti-discrimination and Anti-retaliation Statute designed by Congress to

address the Plaintiff's Mandated case. EEOC gave the Plaintiff the RIGHT to SUE in

Federal Court. The Supreme Court gave the Plaintiff the right to file in the Federal

Court as a first resort **(Monroe v. Pope 365 US)**.

94.    Plaintiff established the District Court Jurisdiction for his Civil Rights

Case with  USERRA **§4323 (c)(1)(A)** as the specific mandated PROCESS. First, the

PROCESS dictated **that USERRA SUPERSEDED ALL STATE LAW. Second, the Court COULD NOT REDUCE, LIMIT,  OR ELIMINATE IN ANY WAY THE BENEFITS THEREIN.**

95.     If Williams and Leininger and Judge Brunson could not "Reduce, Limit, or Eliminate" the USERRA complaints, they were legally required to respond to each and every one using only Federal Law.

96.     Williams and Leininger deprived the Plaintiff's right to remain in Federal Court by ignoring the Federal Statute and providing no answers to the Federal Statute while unlawfully claiming that  State Law can defeat Federal Law and move his case into Circuit Court contrary to Federal law **(§4323 (c)(1)(A)** and of course contrary to the Supremacy Clause each of them took an oath to protect.

97.     **Williams and Leininger perpetrated a Fraud on the Court** by falsifying the record that the Plaintiff was not a " Protected Person" that should be in Circuit Court.

98.     **Williams and Leininger deprived the Plaintiff of any answers to his Federal USERRA Statute as required Federal Statute.**

99.     **Judge Brunson** deprived the Plaintiff of his 14th Amendment Civil Rights to Procedural Due Process and Equal Protection of All Laws. **Judge Brunson Deprived this Plaintiff of his right to have a trial by jury as demanded.**

100.    **Judge Brunson** conspired with Defendants to deprive this Plaintiff of his Constitutional Civil Rights to be Free from Discrimination.

101.    **<u>CRIMINAL FELONIES FOR DEPRIVATION OF RIGHTS</u>**
        **18 USC 1503 is a felony offense for which the sentence can be 10 years imprisonment.**

**18 U.S.C. § 1503** " Due Administration of Justice."

The statute prohibits any activity that corruptly "influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice."

- Because the Williams and Leininger and Brunson failed to read and comprehend USERRA Federal Statute, they thought that they were adjudicating a simple Court Procedure that they had adjudicated a 100 times with State Procedures **18 U.S.C. §371;**

- Williams and Leininger and Brunson willfully and intentionally failed to comply with Federal Mandated Judicial Process USERRA judicial process requirement **§4323 (c)(1)(A) 18 U.S.C. § 245;**

- Williams and Leininger and Brunson failed to address 1st mandatory requirement to identify and address USERRA specific "Benefit of Employment" that Employer "Cannot Deny Initial Employment; **18 U.S.C. § 245;"**

- Williams and Leininger and Brunson  failed to acknowledge that to Plaintiff's first Employment  Application on 4/14/05, as a matter of law, was the first deprivation, under color of law whereby the Defendants violated Federal Statute USERRA **18 U.S.C. §245;**

- Williams and Leininger and Brunson failed to address 2nd requirement to compensate Plaintiff for wages and benefits of Defendant's failure to hire form 4/14/05 to the current date of approximately **$366,562.50 18 U.S.C. §245;**

- Williams and Leininger and Brunson failed to address whether Defendant's actions were intentional and double the liquidated damages in item #2 of approximately **$733,125.00 18 U.S.C. §245;**

- Williams and Leininger and Brunson failed to address whether Defendant's actions were intentional and the Court could document a Constitutional factor for punitive damages of 9 times raising the potential outcome to **$3,299,062.50 18 U.S.C. §245;**

- Williams and Leininger and Brunson ad no idea that they NOW ARE LIABLE for damages up to and including $3.3 million and **10 years imprisonment;**

- Williams and Leininger and Brunson  failed to comply with Federal Mandated Constitutional  14th Amendment Due Process and Equal Protection of all laws depriving Plaintiff of his right to a jury trial **18 U.S.C. §245;**

- Williams and Leininger and Brunson engaged in the unlawful process of using State procedures and State Law within their decisions when the Supremacy Clause, the USERRA federal and Supreme Court Decisions dictate the State Law cannot defeat Federal law **18 U.S.C. §245;**

- Williams and Leininger and Brunson discriminated against the Plaintiff by not bothering to read the Federal Anti-discrimination and Anti-retaliation USERRA that was design by Congress to provide the simplest mandated process so that State Courts could not obstruct their "Benefits of Employment" **18 U.S.C. §245;**

- Williams and Leininger and Brunson totally ignored the fact that the Florida Department of Veteran Affairs (FDVA) had already conducted 14 formal investigations documenting Defendants violation of Federal Statute USERRA **18 U.S.C. §245;**

- Williams and Leininger and Brunson deprived Plaintiff of his USERRA Federal Statute making all State Law Null and Void under **§4302(b) 18 U.S.C. §245;**

- Williams and Leininger and Brunson deprived Plaintiff of his USERRA Mandating that <u>No Employer nor any Court</u> can refuse to provide any right or benefit mandated by the Federal Statute **§4302 (b), (20 CFR 1002.7) 18 U.S.C. §245;**

- Williams and Leininger and Brunson deprived Plaintiff of his United States Representation **§4323(a) 18 U.S.C. §245;**

- Williams and Leininger and Brunson deprived Plaintiff of his wages and benefits for mandated employment **(4323(a)(d) 18 U.S.C. §245;**

- Williams and Leininger and Brunson deprived Plaintiff of his right to a Jury Trial **4323(c) 18 U.S.C. §245;**

- Williams and Leininger and Brunson deprived Plaintiff of his retention in employment **4323(e)(2)(A) 18 U.S.C. §245;**

- Any reasonable high school student would have known that Civil Rights cannot be deprived by a simple denial by a Judge.

**COUNT SIX**
**TITLE 42 U.S.C. §1983**
**TITLE 18  U.S.C. §241**
**TITLE 18 U.S.C. §242**
**TITLE 18 U.S.C. §245**
**TITLE 18 U.S.C. §371**
*__TITLE 18 U.S.C. §1503__*
**DISTRICT COURT OF APPEALS FOURTH DISTRICT**
W. Mathew Stevenson as an individual
Cory Ciklin as an individual
Mark W. Klingensmith

Defendants herein,, while acting under color of law, did knowingly and willfully with reckless and callous indifference, deprive this Plaintiff of his guaranteed Constitutional Rights to Due Process and Equal protection of all laws –**All a violation of Title 42 U.S.C. Section 1983**

Defendants herein,, while acting under color of law, did knowingly and willfully fail to do their sworn duty to read and comprehend the controlling Federal Civil Rights Standard totally governing FEDERAL DUE PROCESS thereby unlawfully depriving Plaintiff of his right to have a trial by jury -- All violations of **TITLE 18 U.S.C. §1503 and 18 U.S.C. § 245.**


**§4302(b) USERRA SUPERSEDES ANY STATE LAW OR PRACTICE MAKING ALL STATE DEFENSES NULL AND VOID IN FEDERAL COURT.**

### §4302 (b) NO EMPLOYER NOR ANY COURT CAN REFUSE TO PROVIDE ANY RIGHT OR BENEFIT MANDATED BY THE FEDERAL CIVIL RIGHTS USERRA STATUTE

102.    **Judges Stevenson, Ciklin, and Klingensmith** failed to read and comprehend The FEDERAL USERRA Anti-discrimination and Anti-retaliation Statute that supersedes all State Law and requires, as a matter of law, that NO COURT CAN REDUCE, LIMIT, OR ELIMINATE ANY "BENEFIT OF EMPLOYMENT" – requiring the Court to address and specifically rule on each and every "Benefit of Employment" in the Plaintiff's Complaint.

103.    Judges Stevenson, Ciklin, and Klingensmith violated the Plaintiff's Civil Rights and **Title 18 Section . §242** by unlawfully claiming that State Circuit Procedures and State law **Barret v. City of Margate** could supersede the Federal Civil Rights USERRA that specifically states the opposite:

> **USERRA §4302 (b) "This chapter supersede any State law including any local law or ordinance, contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise or any such right or the receipt of any such benefit."**

104.    Judges Stevenson, Ciklin, and Klingensmith took an oath to protect and defend the Constitution requiring that Federal Law defeats the State Law by the Supremacy Clause as .well as in the above USERRA paragraph.104, Judges Stevenson, Ciklin, and Klingensmith, as seasoned judges, knew or should have

known, that NO COURT can take a Plaintiff's Civil Rights away without a trial by jury; .and certainly they were depriving this Plaintiff of his right to challenge their ruling in the Florida Supreme Court which does not accept cases which have no judgment under a trial by jury.

105.    Judges Stevenson, Ciklin, and Klingensmith deprived this plaintiff from of his Due Process and Equal Protection of All Laws.

106.    **CRIMINAL FELONIES FOR DEPRIVATION OF RIGHTS**
**18 USC 1503 is a felony offense for which the**
**sentence can be 10 years imprisonment.**

**18 U.S.C. § 1503** " Due Administration of Justice."

The statute prohibits any activity that corruptly "influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice."

- Because the Stevenson and Ciklin, and Klingensmitk failed to read and comprehend USERRA Federal Statute,  they thought that they were adjudicating a simple Court Procedure that they had adjudicated a 100 times with State Procedures **18 U.S.C. §371;**

- Stevenson and Ciklin, and Klingensmitk willfully and intentionally failed to comply with Federal Mandated Judicial Process USERRA judicial process requirement **§4323 (c)(1)(A) 18 U.S.C. § 245;**

- Stevenson and Ciklin, and Klingensmitk failed to address 1st mandatory requirement to identify and address USERRA specific "Benefit of Employment" that Employer "Cannot Deny Initial Employment **18 U.S.C. § 245;"**

- Stevenson and Ciklin, and Klingensmitk  failed to acknowledge that to Plaintiff's first Employment  Application on 4/14/05, as a matter of law, was the first deprivation, under color of law whereby the Defendants

violated Federal Statute USERRA **18 U.S.C. § 245**;

- Stevenson and Ciklin, and Klingensmitk failed to address 2nd requirement to compensate Plaintiff for wages and benefits of Defendant's failure to hire form 4/14/05 to the current date of approximately **$366,562.50** ;

- Stevenson and Ciklin, and Klingensmitk failed to address whether Defendant's actions were intentional and double the liquidated damages in item #2 of approximately **$733,125.00 18 U.S.C. § 245**;

- Stevenson and Ciklin, and Klingensmitk failed to address whether Defendant's actions were intentional and the Court could document a Constitutional factor for punitive damages of 9 times raising the potential outcome to **$3,299,062.50 18 U.S.C. § 245**;

- Stevenson and Ciklin, and Klingensmitk ad no idea that they NOW ARE LIABLE for damages up to and including $3.3 million and **10 years imprisonment**;

- Stevenson and Ciklin, and Klingensmitk  failed to comply with Federal Mandated Constitutional   14th Amendment Due Process and Equal Protection of all laws depriving Plaintiff of his right to a jury trial **18 U.S.C. § 245**;

- Stevenson and Ciklin, and Klingensmitk engaged in the unlawful process of using State procedures and State Law within their decisions when the Supremacy Clause, the USERRA federal and Supreme Court Decisions dictate the State Law cannot defeat Federal law **18 U.S.C. § 245**;

- Stevenson and Ciklin, and Klingensmitk discriminated against the Plaintiff by not bothering to read the Federal Anti-discrimination and Anti-retaliation USERRA that was design by Congress to provide the simplest mandated process so that State Courts could not obstruct their "Benefits of Employment" **18 U.S.C. § 245**;

- 

- Stevenson and Ciklin, and Klingensmitk totally ignored the fact that the Florida Department of Veteran Affairs (FDVA) had already conducted 14 formal investigations documenting Defendants violation of Federal

Statute  USERRA **18 U.S.C. § 245;**

- Stevenson and Ciklin, and Klingensmitk deprived Plaintiff of his USERRA Federal Statute making all State Law Null and Void under **§4302(b) 18 U.S.C. § 245;**

- Stevenson and Ciklin, and Klingensmitk deprived Plaintiff of his USERRA Mandating that <u>No Employer nor any Court</u> can refuse to provide any right or benefit mandated by the Federal Statute **§4302 (b), (20 CFR 1002.7) 18 U.S.C. § 245;**

- Stevenson and Ciklin, and Klingensmitk deprived Plaintiff of his United States Representation **§4323(a) 18 U.S.C. § 245;**

- Stevenson and Ciklin, and Klingensmitk deprived Plaintiff of his wages and benefits for mandated employment (**4323(a)(d) 18 U.S.C. § 245;**

- Stevenson and Ciklin, and Klingensmitk deprived Plaintiff of his right to a Jury Trial **4323(c) 18 U.S.C. § 245;**

- Stevenson and Ciklin, and Klingensmitk deprived Plaintiff of his retention in employment **4323(e)(2)(A) 18 U.S.C. § 245;**

- Any reasonable high school student would have known that Civil Rights cannot be deprived by a simple denial by a Judge.


### COUNT SEVEN
### TITLE 42 U.S.C. §1983
### TITLE 18  U.S.C. §241
### TITLE 18 U.S.C. §242
### TITLE 18 U.S.C. §245
### *TITLE 18 U.S.C. §1503*
### UNITED STATES DEPARTMENT OF JUSTICE
Honorable Jeff Sessions Attorney General


Defendants herein,, while acting under color of law, did knowingly and willfully with reckless and callous indifference, deprive this Plaintiff of his guaranteed

Constitutional Rights to Due Process and Equal protection of all laws –All a violation of Title 42 U.S.C. Section 1983

Defendants herein,, while acting under color of law, did knowingly and willfully fail to do their sworn duty to read and comprehend the controlling Federal Civil Rights Standard totally governing FEDERAL DUE PROCESS thereby unlawfully depriving Plaintiff of his right to have a trial by jury -- All violations of **TITLE 18 U.S.C. §1503 and 18 U.S.C. § 245.**

**§4302 (b) NO EMPLOYER NOR ANY COURT CAN REFUSE TO PROVIDE ANY RIGHT OR BENEFIT MANDATED BY THE FEDERAL CIVIL RIGHTS USERRA STATUTE** '

## The PROVISIONS OF THIS CHAPTER "YOUR RIGHTS UNDER USERRA

*(See MANDATED USERRA OF RIGHTS Poster on the Employers HR WALL Page 13 of Mandatory Judicial Notice)*

- a. **Right to be FREE from Discrimination and Retaliation**
    - b. **Employer MAY NOT DENY:  Initial Employment**
    - c. **Employer MAY NOT DENY:  Retention in Employment**
    - d. **Employer MAY NOT DENY:  Any Portion of Any Benefit**
    - e. **Employer MAY NOT RETALIATE  Any Person Asserting Rights**
    - f. **Plaintiff MAY SUBMIT TO DEPARTMENT OF JUSTICE.**

.**§4323(a) "In the case of such action against a State (as an employer). The action SHALL BE brought in the name of the United States as the Plaintiff in the action ."**

107.    Plaintiff has received his right to partition the Department of Justice

("DOJ") for representation in Federal Court as posted on the Employers HR Wall.

Plaintiff made a trip the DOJ office in West Palm Beach. and was refused entry and

refused an opportunity to discuss rights to submit a claim for representation as posted on the DOJ Statute "YOUR RIGHTS UNDER USERRA." (See Posted USERRA Page 13 of Notice of Mandatory

108.    Plaintiff filed a formal form complaint specifying his legal business with the Miami DOJ Office. The Miami Office refused to accept his form submitted and would not provide the Plaintiff any means of resolving my issue.

109.    Plaintiff sent a request to the Attorney General, Jeff Sessions on 5/25/17 that went unanswered. Plaintiff sent a follow on 8/8/17 with a NOTICE OF INTENT TO FILE A CRIMINAL DUE OBSTRUCTION OF JUSTICE Complaint that also went unanswered..

110.    Plaintiff submits that since no parties with specific responsibility for the proper judicial process  of  the USERRA Statute cannot refuse to provide any right or benefit mandated in USERRA,   Jeff Sessions is the proper administrator to be subject to this Criminal Charge and should provide representation and motion the District to "INTERVENE" in this case.

111.    Defendant **Jeff Sessions** is PROHIBITED by his own USERRA Federal Statute section **§4302 (b) from refusing any right or benefit of USERRA.**

112.    Defendant **Jeff Sessions,** under color of law," has created a criminal act of depriving the Plaintiff of his **18 U.S.C. 242 Constitutional Civil Rights of Due**

Process and Equal Protection over the past 10 years when DOJ would not represent the Plaintiff in his first Court Case in 6/9/10.

113.    **Since Jeff Sessions** and **DOJ cannot refuse to represent the Plaintiff as a matter of USERRA §4323(a) law, Attorney General Jeff Sessions has a 10 year history of 18 U.S.C. §1503 of Obstruction of Justice OVER 8 COURTS by depriving the Plaintiff of his absolute right to representations as stated in the Federal USERRA published by the DOJ.**

114.    Jeff Sessions and DOJ discriminated against the Plaintiff by depriving him, under color of law, of his legal right to personally request at a local office representation (**18 U.S.C. §242**) as stated on the Posted DOJ law on the Employer's HR Wall. He was threatened and intimidated (**18 U.S.C. §241**) when the Plaintiff complied with the DOJ directions and was refused even a conversation with a DOJ Attorney.

## **PRAYER FOR RELIEF**

WHEREFORE, Wood prays that the honorable Court:

A.    Declare that the Defendants intentionally failed to implement Constitutional and Federal Statute Civil Rights Anti-discrimination and Anti-retaliation laws under 42 USC § 1983 in the University Employment System as required Federal by law and consequently created a "Fraud on the Court" attempting to Defend an "Unlawful" Employment System when they lacked both the

understanding of the Federal laws and the legal standing to create a valid defense using only unlawful State Procedures.

B.     Declare that all Defendants willfully and intentionally failed to read and comprehend the sole Federal Statute USERRA and that all Defendants were depriving the Plaintiff of his absolute civil rights to "due administration of justice" under Criminal Statutes 18 U.S. §1503 and 18 U.S §245.

C.     Declare that the Defendant's did knowingly and willfully, with reckless and callous indifference unlawfully claim that their University Employment System was fully compliant with 42 USC § 1983 and related Federal Statues when they were not compliant and obviously lacked both the proper standing to defend and the legal knowledge to properly defend against the Plaintiff.

D.     Declare that an FAU unlawful Employment Application and Employee System without addressing the Constitution and Federal EEO Federal Statutes, is too incompetent to address the. Frauds on the Court; and that all the Defendant's State Procedures and State Law have no place in a Federal Court on solely a Federal issue.

E.     Declare that the Defendants violated the Plaintiff's Civil Rights USERRA "Benefits of Employment" by depriving the Plaintiff both his Constitutional 14th Amendment Due Process and Equal protection and the long list of USERRA Federal Statute "Benefits of Employment, subjecting all Defendants to

one or more Criminal Charges under  42 U.S. § 1983, 18 U.S.C. § 241, 18  U.S.C. § 242,  U.S.C. § 245, 18  U.S.C. §371,  and 18  U.S.C. § 1503.

F.    Declare that this Criminal Complaint should be **prosecuted by the United States** intervening as the Plaintiff and should be in accordance with the USERRA mandated "three step process" of requiring the Plaintiffs to use the first 4/14/05 "Employer Cannot Deny Initial Employment" followed by the jury awarding damages in accordance with the Judges Instructions.

G.    Enjoin the Defendant FAU from failing or refusing to reinstate Wood to his legal 12.75 year employment with FAU as a Senior Fiscal Assistant with the seniority, status and compensation that he would have enjoyed had he been hired under Federal USERRA "Benefits of Employment" and had he not been unlawfully terminated under false claims without his "Protected Person" pre-termination and post-termination conferences required by law.

H.    Enjoin the Defendants from taking any actions against the Plaintiff that fails to comply with provisions of the Federal Statute USERRA.

I.    Award pre-judgment and post-judgement interest at the current District Court rate.

J.    Plaintiff request the release of this case for publication.

K.    Plaintiff requests that administration action against all the defendants with a letter in their personnel file.

L.   Plaintiff request that defendants be permanently barred from participating in any further actions against this Plaintiff.

M.   Grant such other and further relief as may be just and proper together with costs.

## **JURY DEMAND**

Plaintiff demands his Constitutional right to a trial by jury and his Federal USERRA right to a trial by jury that the Defendant had deprived him of by unlawfully claiming that State Procedural Law can deprive the Plaintiff of his Constitutional and Federal Statute rights.

Respectfully Submitted,

JOHN W. WOOD, JR.,  PRO SE
1850 Homewood Blvd. #512
Delray Beach, Florida 33445
Ph. (561) 272-4995
Johnwood516@comcast.net

SERVICE LIST _____

1.  FLORIDA ATLANTIC UNIVERSITY
    THE BOARD OF TRUSTEES
    777 Glades Road  **BLDG 10 3RD FLOOR-ATTORNEY**
    Boca Raton, Florida 33431

2   John Kelly, President
    FLORIDA ATLANTIC UNIVERSITY
    777 Glades Road  **BLDG 10 3RD FLOOR-ATTORNEY**
    Boca Raton, Florida 33431

3.  Lawrence F. Glick,
    FLORIDA ATLANTIC UNIVERSITY
    777 Glades Road  **BLDG 10 3RD FLOOR-ATTORNEY**
    Boca Raton, Florida 33431

    ***Former FAU Counsel—If not accepted get his home address.***

4.  Stacy Semmel, VP Financial Affairs as an individual
    FLORIDA ATLANTIC UNIVERSITY
    777 Glades Road  **BLDG 10 3RD FLOOR-ATTORNEY**
    Boca Raton, Florida 33431

5.  WILLIAMS, LEININGER,& COSBY, P.A.
    11300 US Highway One Suite 300
    North Palm Beach, Florida 33408

6.  James O. Williams
    11300 US Highway One Suite 300
    North Palm Beach, Florida 33408

7.  Carri S Leininger
    11300 US Highway One Suite 300
    North Palm Beach, Florida 33408

8.  Judge Linnea R. Johnson
    UNITED STATES DISTRICT COURT SOUTHERN
    DISTRICT COURT OF FLORIDA
    701 Clematis St # 453,

1

West Palm Beach, FL 33401

9.  Judge Beth Bloom
    UNITED STATES DISTRICT COURT SOUTHERN
    DISTRICT COURT OF FLORIDA
    701 Clematis St # 453,
    West Palm Beach, FL 33401

10. Judge Adalberto Jordon
    THE UNITED STATE CIRCUIT COURT
    OF APPEALS 11TH CIRCUIT
    56  Forsyth Street , NW,
    Atlanta, Georgia 30305

11. Judge Robin S. Rosenbaum
    THE UNITED STATE CIRCUIT COURT
    OF APPEALS 11TH CIRCUIT
    56  Forsyth Street , NW,
    Atlanta, Georgia 30305

12. Judge Peter T. Fay
    THE UNITED STATE CIRCUIT COURT
    OF APPEALS 11TH CIRCUIT
    56  Forsyth Street , NW,
    Atlanta, Georgia 30305

13. Judge Stanley Marcus
    THE UNITED STATE CIRCUIT COURT
    OF APPEALS 11TH CIRCUIT
    56  Forsyth Street , NW,
    Atlanta, Georgia 30305

14. Judge Catherine Brunson
    CIRCUIT COURT OF THE 15TH  JUDICIAL DISTRICT
    205 N Dixie Hwy
    West Palm Beach, FL 33401

15. Judge W. Mathew Stevenson
    DISTRICT COURT OF APPEALS FOURTH DISTRICT

110 South Tamarind Ave.
West Palm Beach, FL 33401

16.  Judge Mark W. Klingensmith
     DISTRICT COURT OF APPEALS FOURTH DISTRICT
     110 South Tamarind Ave.
     West Palm Beach, FL 33401

17.  Judge Cory Ciklin
     DISTRICT COURT OF APPEALS FOURTH DISTRICT
     110 South Tamarind Ave.
     West Palm Beach, FL 33401

18.  Honorable Jeff Session
     UNITED STATES DEPARTMENT OF JUSTICE
     950 Pennsylvania Ave NW
     Washington DC 29530-0001